IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
~~NORTHWEST~~ WESTERN DIVISION

FILED
2009 SEP 24 P 4: 02
U.S. DISTRICT COURT
N.D. OF ALABAMA

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION,                  )
                             )
        Plaintiff,           )   CIVIL ACTION NO.
                             )
v.                           )   COMPLAINT WITH
                             )   JURY DEMAND
JIM WALTER RESOURCES, INC.,  )
                             )
        Defendant.           )   CV-09-TMP-1895-W
_____)

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Raymond Roe[1] who was adversely affected by such practices. The Commission alleges that Defendant limited, segregated or classified Mr. Roe in ways that adversely affected his opportunities because of his disability in violation of 42 U.S.C. §12112(a) and (b)(1); Defendant failed to make a reasonable accommodation to Mr. Roe's known physical limitations in violation of 42 U.S.C. §12112(a) and (b)(5)(A); and Defendant created and maintained a disability-based hostile work-environment in violation of 42 U.S.C. §12112(a).

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990, as amended ("ADA"), 42 U.S.C. §12117(a), which

---

[1] The Commission will be utilizing a pseudonym in this case whenever referring to the individual who was harmed by Defendant so as to protect his confidentiality and the confidentiality of his medical information.

incorporates by reference Section 706(f)(a) and (3) of Title VII of the Civil Rights Act of 1964, s amended, 42 U.S.C. §2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. §1981a.

2.     The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Alabama, Northwest Division.

## PARTIES

3.     Plaintiff, Equal Employment Opportunity Commission (the "Commission"), is an agency of the United States of America charged with the administration, interpretation and enforcement of Title I of the ADA and is expressly authorized to bring this action by Section 107 of the ADA, 42 U.S.C. §12117(a), which incorporates by reference Section 706(f)(1) of Title VII, 42 U.S.C. §2000e-5(f)(1).

4.     At all relevant times, Defendant, Jim Walters Resources, Inc., (the "Employer") has continuously been a corporation doing business in the State of Alabama, the City of Brookwood, and has continuously had at least fifteen employees.

5.     At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. §12111(5), and Section 101(7) of the ADA, 42 U.S.C. §12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§2000e(g) and (h).

6.     At all relevant times, Defendant Employer has been a covered entity within the meaning of Section 101(2) of the ADA, 42 U.S.C. §12111(2).

## STATEMENT OF CLAIMS

7. More than thirty days prior to the institution of this lawsuit, Raymond Roe filed a charge with the Commission alleging violations of Title I of the ADA by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

8. At all times relevant to the events alleged in this complaint Raymond Roe was a qualified individual with a disability who, with or without an accommodation, could perform the essential functions of his job for Defendant.

9. Raymond Roe is a qualified individual with a disability under 42 U.S.C. §12102(2). Mr. Roe has a severe hearing impairment. He has a sixty to seventy percent (60-70%) hearing loss in his right ear and a ninety percent (90%) hearing loss in his left ear.

10. While Mr. Roe uses assistive devices, e.g. hearing aids, to enhance his limited hearing, these devices are not effective in restoring his hearing. Even with the use of hearing aids, Mr. Roe has no hearing in his left ear and can only hear moderate to loud noises in his right hear.

11. Raymond Roe began working for Defendant in 1985 as a mine worker at Defendant's mine #5.

12. During the time that he worked at mine #5, Raymond Roe requested and Defendant Employer granted to him an accommodation for his disability. Pursuant to this accommodation Mr. Roe was not assigned to duties which exposed him to working conditions which had actually been destructive of his hearing aids, e.g. exposure to excessive moisture or proximity to electromagnetic interference (EMI) or other equipment which causes damage to his hearing aids. Defendant Employer honored this accommodation during Mr. Roe's entire tenure at mine #5.

13.    In December, 2006, Defendant closed mine #5. Pursuant to the provisions of the applicable collective bargaining agreement, Raymond Roe sought from Defendant Employer and was granted a transfer to another of Defendant's facilities, mine #7.

14.    Upon arriving at mine #7, Mr. Roe renewed his request for an accommodation at mine #7. Because Mr. Roe's ability to safely perform the essential functions of his job is dependent upon being able to use functioning hearing aids, he sought from Defendant Employer the same accommodation which he had been granted while working at mine #5.

15.    Defendant Employer, through its agents, refused to grant Mr. Roe the accommodation he requested, telling him words to the effect that he would not be able to pick the job he wanted. As a result, Mr. Roe was assigned duties without regard to whether those duties would damage or destroy his hearing aids or would expose him to increased risks to his personal safety while on the job.

16.    Defendant Employer, aware that exposure to excessive moisture and certain equipment would damage Mr. Roe's hearing aids, nevertheless assigned him to perform work in locations in the mine which had high levels of moisture and involved frequent exposure to EMI and other damaging equipment.

17.    When Mr. Roe was first transferred to mine #7 he had four hearing aids which he used while working. As a result of Defendant's decision not to provide a reasonable accommodation to Mr. Roe, by April, 2007, Mr. Roe had only one working hearing aid.

18.    When Mr. Roe advised Defendant Employer that, as a result of being assigned to work in locations in the mine which had high levels of moisture and involved frequent exposure to EMI or other damage equipment, he had only one working hearing aid, Defendant Employer removed him from the mine and refused to permit him to return to work until he had obtained

new hearing aids and obtained a letter from a doctor attesting to his disability and granting him a release to return to work.

19. This suspension without pay lasted from late April, 2007 until July 2007.

20. Prior to being permitted to return to work Defendant Employer met with Mr. Roe to discuss his hearing impairment. As a result of that meeting Defendant Employer agreed to accommodate Mr. Roe "as much as possible." However, Defendant Employer did not agree to keep Mr. Roe out of those sections of the mine which caused damage to his hearing aids.

21. From time to time from July 16, 2007, until March 28, 2008, Mr. Roe was assigned to work in sections of the mine which accommodated his needs. However, since March 28, 2008, Mr. Roe has been assigned almost daily to perform work in sections of the mine which interfere with and damage his hearing aids.

22. During the entire time that Mr. Roe has been employed at mine #7 there have been assignments available in mine #7 which he could have been given to him within his job classification which would not have exposed him to working conditions detrimental to his hearing aids. Rather than grant Mr. Roe this accommodation, Defendant Employer assigned other non-disabled employees to these duties.

23. The accommodation sought by Mr. Roe would have permitted him to perform the essential functions of his job and would not have imposed an undue hardship on Defendant Employer.

24. The effect of the practices complained of above has been to subject Mr. Roe to increased risks to his personal safety while on the job and to deprive Mr. Roe of equal employment opportunities and otherwise adversely affect his status as an employee because of his disability.

25. By refusing to grant Mr. Roe a reasonable accommodation to the known physical limitation of Mr. Roe, Defendant Employer adversely affected his employment opportunities, suspended him without pay for a period of time, and created a working environment which is hostile to Mr. Roe because of his disability and his need for a reasonable accommodation.

26. The unlawful practices complained of above were intentional.

27. Defendant Employer at all relevant times has been acting with malice or reckless indifference to the federally protected rights of Raymond Roe, in violation of the ADA, 42 U.S.C. §12101 et seq.

## PRAYER FOR RELIEF

WHEREFORE, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, successors, assigns and all persons in active concert or participation with it, from (1) maintaining its policy of discriminating against Mr. Roe because of his disability; and (2) denying Mr. Roe's requests for reasonable accommodations of his disability.

B. Order Defendant Employer to institute and carry out policies, practices and programs which provide equal employment opportunities to qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices, including the requirement that Defendant adopt a training program to train its managers, supervisors and employees on preventing and avoiding disability discrimination in the workplace.

C. Order Defendant Employer to develop a "Zero Tolerance" policy against disability discrimination.

D. Grant a judgment requiring the Defendant Employer to make whole Raymond Roe by providing appropriate back wages with prejudgment interest in amounts to be determined at trial, and by granting other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order Defendant Employer to make whole Raymond Roe by providing compensation for pecuniary and non-pecuniary losses, including but not limited to damages for embarrassment, humiliation and injury to dignity, in amounts to be proven at trial.

F. Order Defendant Employer to pay Raymond Roe punitive damages for its malicious and/or reckless conduct, in an amount to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper.

H. Award the Commission its costs in this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
131 M Street, NE
Washington, DC 20507

*C. Emanuel Smith*
C. Emanuel Smith (MS 7473)
Regional Attorney

*Julie Bean*
Julie Bean (DC 433292)
Supervisory Trial Attorney

_____
Charles E. Guerrier (OH 0023546)
Senior Trial Attorney

_____
Eunice Morrow (ASB-5267-O64e)
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Birmingham District Office
Ridge Park Place, Suite 2000
1130 22nd Street South
Birmingham, Alabama 35205
Tel.: (205) 212-2044
Fac.: (205) 212-2041