FILED

2012 Apr-03  PM 05:06
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

|  |  |  |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No.: 7:09-CV-1895-VEH |
| JIM WALTER RESOURCES, INC., | ) ) | |
| Defendant. | ) ) | |

---

## ORDER

This matter is before the Court on the Objections (doc. 31) of Defendant, Jim Walter Resources, Inc. ("JWR") to Magistrate Judge T. Michael Putnam's report and recommendation (the "R & R") (doc. 28), which recommends that JWR's Motion for Summary Judgment (doc. 12) be denied.[1]

JWR's Motion for Summary Judgment was filed on November 24, 2010.  After seeking and receiving an extension of time in which to respond, the EEOC filed an opposition (doc. 18) on January 7, 2011, to which JWR replied (doc. 20) on January 21, 2011.  The R&R was entered on February 14, 2012.  This case was randomly

---

[1]  The parties have not consented to the jurisdiction of the magistrate judge.  Therefore, in accordance with 28 U.S.C. § 636(b), the magistrate judge entered a report and recommendation.

assigned to the undersigned judge on February 17, 2012.  JWR's Objections were filed on February 29, 2012.  The EEOC's Opposition (doc. 32) to JWR's Objections was filed on March 18, 2012.  The matter therefore is under submission.

## I. Background

Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), filed this lawsuit on September 24, 2009.  (Complaint, doc. 1).  The EEOC alleged that JWR violated Title I of the Americans with Disabilities Act of 1990, as amended (the "ADA"), 42 U.S.C. § 12117(a), in that JWR discriminated against JWR's employee, Rocky Davis ("Mr. Davis"), on the basis on Mr. Davis's disability.  (Complaint, doc. 1).  The EEOC is an agency of the United States and this matter "arises under" the Constitution and laws of the United States.  Therefore, this court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 451, 1331, 1343, and 1345.

## II. Discussion

### A. Standards of Review

#### 1. *Summary Judgment Standard*

The Eleventh Circuit has summarized the summary judgment burden, including when a defendant seeks judgment as a matter of law on the basis of an affirmative defense, as follows.

Summary judgment is appropriate "if the pleadings, depositions,

answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to "come forward with specific facts showing that there is a genuine issue for trial." *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986) (quotations and emphasis omitted). If the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense. *See Martin v. Alamo Community College Dist.*, 353 F.3d 409, 412 (5th Cir.2003).

*International Stamp Art, Inc. v. U.S. Postal Service*, 456 F.3d 1270, 1273-74 (11th Cir. 2006).[2]

### 2. *District Court Review of Report and Recommendation*

After conducting a "careful and complete" review of the findings and recommendations, a district judge may accept, reject, or modify the magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1); *Williams v. Wainwright*, 681 F.2d 732 (11th Cir. 1982) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 408 (5th Cir.1982)).[3] The district judge may also receive further evidence or recommit the

----

[2] The "facts" are determined for summary judgment purposes only. They may not be the actual facts. *See Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994) ("'[W]hat we state as 'facts' in this opinion for purposes of reviewing the rulings on the summary judgment motion [ ] may not be the actual facts'")(citation omitted). Where the facts are in dispute, they are viewed in the manner most favorable to the plaintiff. See *Fitzpatrick v. City of Atlanta*, 2 F.3d 1112 at 1115 (11th Cir. 1993).

[3]The Eleventh Circuit has adopted as binding precedent all Fifth Circuit decisions issued before October 1, 1981, as well as all decisions issued after that date by a Unit B panel of the

matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1)(C).

A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." *Jeffrey S. v. State Bd. of Educ.*, 896 F.2d 507, 512 (11th Cir. 1990) (citation omitted). In contrast, those portions of the R & R to which no objection is made need only be reviewed for clear error. *Macort v. Prem, Inc.*, 208 Fed. App'x. 781, 784 (11th Cir. 2006).[4]

"Neither the Constitution nor the statute requires a district judge to review, *de novo*, findings and recommendations that the parties themselves accept as correct." *United States v. Woodard*, 387 F.3d 1329, 1334 (11th Cir. 2004) (citation omitted).

---

former Fifth Circuit. *Stein v. Reynolds Sec., Inc.*, 667 F.2d 33, 34 (11th Cir.1982); *see also United States v. Schultz*, 565 F.3d 1353, 1361 n. 4 (11th Cir.2009) (discussing the continuing validity of *Nettles*).

[4] *Macort* dealt only with the standard of review to be applied to a magistrate's factual findings, but the Supreme Court has held that there is no reason for the district court to apply a different standard to a magistrate's legal conclusions. *Thomas v. Arn*, 474 U.S. 140, 150, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985). Thus, district courts in this circuit have routinely applied a clear-error standard to both. *See Tauber v. Barnhart*, 438 F. Supp. 2d 1366, 1373–74 (N.D. Ga. 2006) (collecting cases). This is to be contrasted with the standard of review on appeal, which distinguishes between the two. *See Monroe v. Thigpen*, 932 F.2d 1437, 1440 (11th Cir. 1991) (when a magistrate's findings of fact are adopted by the district court without objection, they are reviewed on appeal under a plain-error standard, but questions of law remain subject to *de novo* review).

4

It is incumbent upon the parties to timely raise any objections that they may have regarding a magistrate judge's findings contained in a report and recommendation, as the failure to do so subsequently waives or abandons the issue, even if such matter was presented at the magistrate judge level. *See*, *e.g.*, *U.S. v. Pilati*, 627 F.3d 1360 at 1365 (11th Cir. 2010) ("While Pilati raised the issue of not being convicted of a qualifying offense before the magistrate judge, he did not raise this issue in his appeal to the district court. Thus, this argument has been waived or abandoned by his failure to raise it on appeal to the district court."). However, the district judge has discretion to consider <u>or</u> to decline to consider arguments that were not raised before the magistrate judge. *Stephens v. Tolbert*, 471 F.3d 1173, 1176 (11th Cir. 2006); *see also Williams v. McNeil*, 557 F. 3d 1287, 1292 (11th Cir. 2009).

"Parties filing objections must specifically identify those findings objected to. Frivolous, conclusive or general objections need not be considered by the district court." *Nettles*, 677 F.2d at 410 n. 8. "This rule facilitates the opportunity for district judges to spend more time on matters actually contested and produces a result compatible with the purposes of the Magistrates Act." *Id*. at 410. Indeed, a contrary rule "would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." *Id*. (quoting *United States v. Howell*, 231 F.3d 615, 622 (9th Cir. 2000)).

5

## B. JWR's Failure to Assert Specific Factual Objections

Initially, the court notes that JWR has failed to sufficiently identify which of the magistrate judge's factual findings are the subject of JWR's objections.  Indeed, the only objection that JWR makes to the factual findings is the singular and general statement, "To the extent the Magistrate made findings contrary to the following key facts, JWR objects ...."  (Doc. 31, p.4).  This court will not sift through the R&R and JWR's "key facts" set out in its Objections and attempt to guess which of those findings are, *in JWR's view*, "contrary."

> A litigant on summary judgment cannot shift their burden to the court by simply referring generally to the existence of "evidence" in voluminous exhibits, large portions of which are not addressed in his brief, with the expectation that the court will unearth any beneficial evidentiary nuggets that the filer may have neglected to mention. *See*, *e.g.*, *United States v. Dunkel*, 927 F.2d 955, 956 (7th Cir.1991) ("Judges are not like pigs, hunting for truffles buried in briefs."); *Preis v. Lexington Ins. Co.*, 508 F.Supp.2d 1061, 1068 (S.D.Ala.2007) ("Parties may not, by the simple expedient of dumping a mass of evidentiary material into the record, shift to the Court the burden of identifying evidence supporting their respective positions."); *Carolina Acquisition, LLC v. Double Billed, LLC*, 627 F.Supp.2d 1337 (S.D.Fla.2009) ("Federal judges are not archaeologists. We possess neither the luxury nor the inclination to sift through that mound of obfuscation in hopes of finding a genuine issue of material fact to deny summary judgment.") (citation omitted). Accordingly, the Court will not squander scarce resources sifting through hundreds of pages of evidence for the thread of an alleged municipal custom where plaintiff has only proffered the bald assertion that one existed, bolstered by no direct citation whatsoever and hardly even gestured towards in the mutant blunderbuss assertions of "fact" in the "facts" portion of his brief.

6

*Alexander v. City of Muscle Shoals, Ala.*, 766 F. Supp. 2d 1214, 1237 (N.D. Ala. 2011).

Thus, based on JWR's failure to identify the factual findings to which it objects, much less any evidence which controverts those findings, the court **OVERRULES** such objections and **ADOPTS** the factual findings as set out in the R&R.

C. JWR's Objections to Conclusions of Law

1. *Objection to Conclusion that Plaintiff Is Disabled*

JWR's first objection is entitled "A.  Plaintiff Does Not Have A Disability As Contemplated By The ADA Prior To January 1, 2009."  The gist of this objection seems to be that, because the effective date of the ADA Amendments Act ("ADAAA"), Pub. Law 110-325, § 8, 122 Stat. 3553, 3559 (2008) was January 1, 2009, and because the ADAAA does not apply retroactively, and because "the legal dispute in this case occurred before January 1, 2009" (doc. 31, p. 10), and because Mr. Davis's alleged disability (hearing loss) is mitigated by assistive devices (hearing aids) such that Mr. Davis "never had any work restrictions and was able to do his job all over the underground mines for 25 years" (doc. 31, p.12), the R&R was erroneous in concluding that Mr. Davis "meets the threshold 'disabled' requirement to bring suit under the ADA." (*Id.*).

Initially, as noted above, to the extent that the Magistrate Judge's

recommendation was based on his factual findings, JWR has waived this objection. However, to the extent that JWR is asserting that the magistrate judge misapplied the law or applied the wrong law, the court disagrees.  As pointed out by the EEOC in its response to this objection, the EEOC "has previously acknowledged that the old statute governed acts and events completed before the effective date of the new statute.... [JWR is merely] re-assert[ing] ... an 'issue' that was never in dispute."  (Doc. 32, p. 7, at fn. 4).  Further, as pointed out by the EEOC,[5] the magistrate judge clearly relied on pre-ADAAA law "in concluding that the Commission has come forward with sufficient evidence to demonstrate that Mr. Davis is disabled under the ADA" (doc. 32, p.8) as that law existed and was construed *prior to enactment of the ADAAA*.

The magistrate judge applied the correct law and applied it correctly. Specifically, as to this point, he stated:

> In this case, the defendant *argues* that Davis's hearing aids "clearly corrected any hearing impairment plaintiff had and allowed him to work anywhere in the mine."  In response, plaintiff has *offered evidence* that the hearing aids do not correct the hearing deficit, although they do improve Davis's capacity for hearing. The *audiological assessment offered by plaintiff* indicates that Davis will "*experience difficulty in most (if not all) listening situations*" and that the hearing aids will "*improve but not resolve* his hearing difficulties."  In addition, *Davis testified that*

---

[5] "The [R&R] acknowledge[d] that although *Sutton* [*v. United Airlines*, 527 U.S. 471, 110 S. Ct. 2139, 144 L.Ed. 2d 450 (1999)] had been effectively overruled by the [ADAAA], the law announced in *Sutton* still appl[i]es to employer conduct prior to the effective date of the amendments ..." (Doc. 32, p.8, at fn 5).

*loud noises, such as those emitted by machinery inside the mines, can cause his aids to shut off, rendering him unable to hear.  Further, moisture and electromagnetic machinery [present in the mines] damage the hearing aids over time, again rendering him unable to hear at all.* The *evidence* presented by Davis demonstrates that he is not within the class of persons discussed in *Sutton*, that is, airline pilots whose eyesight could be fully corrected with corrective lenses and who could "function identically to individuals without a similar impairment" when wearing their lenses.  A district court within the Eleventh Circuit similarly noted the difference between a plaintiff who has hearing aids that only partly correct the hearing impairment, and a plaintiff whose hearing problem is completely corrected by the use of the aids.  *Here, the plaintiff cannot hear as well as persons without hearing deficits, even when he has two fully functioning hearing aids*.  Accordingly, *plaintiff has come forward with sufficient evidence* to demonstrate that he is disabled under the ADA.[9]

> FN 9  Plaintiff further argues, and the evidence supports, a conclusion that the supervisors at JWR "regarded" plaintiff as disabled, at least after they removed him from the mine in April 2007.

Accordingly, the motion for summary judgment based upon plaintiff's failure to demonstrate that he is disabled is due to be denied.

(Doc. 28, pp. 14-15) (internal citations omitted) (emphasis supplied).[6]

---

[6] The court notes that the magistrate judge correctly considered the *evidence* offered by the EEOC in the light most favorable to the EEOC as non-movant and found that this *evidence* was not overcome by JWR's *argument* to the contrary.  Further, the magistrate judge cited *Hernandez v. Mohawk Industries, Inc.*, 2009 WL 3790369 *3 (M.E. Fla. Nov. 10, 2009) as persuasively distinguishing between a plaintiff who has hearing aids that only partly correct his hearing impairment — such that his impairment remains "substantial" — as meeting the definition of "disabled," while a plaintiff whose hearing aids completely correct his hearing problem does not meet that definition.  Given the facts found by the magistrate judge, including Mr. Davis's undisputed testimony about his hearing, the degree of correction by his hearing aids, and the work conditions in the mine, the court finds no error, much less clear error.

As the court explained in *Sutton*, the pre-ADAAA definition of "disabled" is not answered by inquiring whether or not a corrective device that mitigates an otherwise disabled person's impairment is used by that person.   Rather, the pre-ADAAA subsection (A) definition of "disabled" is answered by inquiring whether, *notwithstanding* the use of a corrective device, an individual still is *substantially* limited in a major life activity.[7]   *Sutton*, 527 U.S. at 487 ("The use of a corrective device does not, by itself, relieve one's disability. Rather, one has a disability under subsection (A) if, notwithstanding the use of a corrective device, that individual is substantially limited in a major life activity.")

Further, JWR has wholly failed to even *mention* the magistrate judge's alternative basis for his conclusion — that "the supervisors at JWR 'regarded' [Mr. Davis] as disabled, at least after they removed him from the mine in April 2007." (Doc. 28, p. 15, fn. 9.).   Thus, JWR has waived *de novo* review by this court of this alternative basis.[8]   Furthermore, this alternative ruling is clearly supported by the facts, viewed in the light most favorable to the EEOC, and by the applicable law. *Sutton*, 527 U.S. at 488 ("Alternatively, one whose high blood pressure is 'cured' by medication

---

[7] The statute defines "major life activities, for purposes of the term 'disability,' as includ[ing], but not limited to, ...hearing...and working."  42 U.S.C. § 12102(2)(A).

[8] "There is no burden upon the district court to distill every potential argument that could be made based upon the materials before it on summary judgment."  *Resolution Trust Corp. v. Dunmar Corp.*, 43 F.3d 587, 599 (11th Cir.1995).

may be regarded as disabled by a covered entity, and thus disabled under subsection (C) of the definition.")

Based upon a "clear error" standard, the court **ADOPTS** the conclusion of the magistrate judge that Mr. Davis was "disabled" and/or "regarded as disabled" under the ADA as it existed prior to enactment of the ADAAA.  Further, even under a *de novo* standard of review, the court would reach the same conclusion.

   2. *Objection to Conclusion that Mr. Davis Was Not Reasonably Accommodated*

JWR's next argument is to the R&R's "conclu[sion] that a jury question is presented on the issue of whether JWR should have provided [Mr. Davis] his 'first choice' of accommodations in addition to the accommodations [that JWR had] already provided."  (Doc. 31, p. 13).  However, JWR does not point this court to any portion of the R&R where the magistrate judge made such a conclusion.

The magistrate judge actually reached two conclusions relevant to this objection. First, he concluded that Mr. Davis had met his evidentiary burden to show that he had requested an accommodation that would have allowed him to perform his job duties and had been refused.  (*See*, doc. 28, pp.16-18).  Second, the magistrate judge concluded that the EEOC had met its duty to "identif[y] the accommodation 'that actually would have allowed [Mr.] Davis to perform his job duties,' by asserting that [Mr.] Davis could work [at Mine Number 7] in the out-by positions, with limited

11

exposure to in-by conditions, [as he had been permitted to work at Mine Number 5]."

(Doc. 28, pp. 17-18) (internal citations and alterations in original omitted).  These

conclusions were based on the magistrate judge's evidentiary findings that the

> [EEOC] *has demonstrated* that the accommodation that [Mr.] Davis sought — assignment to primarily out-by positions — was in place and was effective at Number 5 mine. [JWR] has *failed to demonstrate* that the assignment to out-by at Number 5 was a function of the [Collective Bargaining Agreement] or of seniority, or that either of these considerations were significantly more important at Number 7. When [Mr.] Davis inquired about out-by assignments as a GIL at Number 7, he was told to bid for another job. *There was not [sic] interactive process* by which the precise contours of the accommodation he sought could be identified and explored. *The evidence further shows* that there was an out-by position for a premason at Number 7 in 2007, and that another employee was filling that position.  At Number 7 there were seven premason positions, one of which that was routinely assigned to out-by work.  Clearly this *demonstrates* that the essential functions of the premason position did not require invariable assignment to in-by section work. Thrasher's testimony does not support a conclusion that the premason working the out-by job had that job because of any CBA provision or any seniority policy.  While [JWR] *argues generally* that "seniority governs everything in a UMWA coal mine," *Johnson testified to the contrary*, stating (although with some apparent confusion) that there was [sic] no seniority rights attached to whether a worker was placed in-by or out-by.

> In sum, JWR was on notice that [Mr.] Davis was hearing-impaired, and that his hearing aids malfunctioned when exposed to moisture. When [Mr.] Davis told Aldrich that he wanted to be moved away from the section because of his hearing problems, JWR placed him on leave *without exploring the possibility of an accommodation or the reasonableness of the accommodation [Mr.] Davis sought. JWR testified unequivocally that it never met with [Mr.] Davis to discuss his need for accommodation until after he was returned to work in July 2007.*

12

(Doc. 28, pp. 20-21) (internal citations omitted) (emphasis supplied).

In light of these factual findings, and in light of JWR's failure to preserve its factual objections, the court **OVERRULES** this objection and **ADOPTS** the conclusion of the magistrate judge.  Alternatively, after a *de novo* review of the briefs and the evidence,[9] the court **OVERRULES** this objection and **ADOPTS** the conclusion of the magistrate judge.

   3. *Objection To Conclusion that JWR Failed To Engage Interactively*

JWR next objects "to the extent [that the R&R] finds that JWR failed to engage in the interactive process as contemplated by the ADA when [Mr. Davis] freely admits that he never sought an accommodation ...." (Doc. 31, p. 15).  In light of the magistrate judge's factual findings that:

> In sum, JWR was on notice that [Mr.] Davis was hearing-impaired, and that his hearing aids malfunctioned when exposed to moisture. When [Mr.] Davis told Aldrich that he wanted to be moved away from the section because of his hearing problems, JWR placed him on leave without exploring the possibility of an accommodation or the reasonableness of the accommodation [Mr.] Davis sought.  JWR testified unequivocally that it never met with [Mr.] Davis to discuss his need for accommodation until after he was returned to work in July 2007.

---

[9] Being a judge, and not a "truffle-sniffing pig," *see Alexander v. City of Muscle Shoals*, 766 F. Supp. 2d at 1237 cited *supra*, pp.6-7, and in the face of JWR's total failure to point to any *specific evidence* in its objections that it says shows that the magistrate judge's factual findings were erroneous, the court declines to search through the evidentiary record on the chance that it might find evidence contrary to such findings.

(doc. 28, p. 21) (internal citations omitted), and in light of JWR's failure to preserve its factual objections, the court **OVERRULES** this objection and **ADOPTS** the conclusion of the magistrate judge.  Alternatively, after a *de novo* review of the briefs and the evidence, the court **OVERRULES** this objection and **ADOPTS** the conclusion of the magistrate judge.

 4. *Objections to Conclusion that Reasonable Accommodations Were Not Provided*

a. The "hearing aids" accommodation argument

JWR next objects "to the Report to the extent that it concludes [that Mr. Davis] sought an accommodation for anything other than his hearing aids and to the extent that it concludes that JWR was required by the ADA to accommodate those hearing aids." (Doc. 31, p. 17).  This argument was raised before the magistrate judge.  (*See* doc. 13, pp. 21-22).  However, for the reasons set out above in response to the first three objections, it is a red herring.  The magistrate judge properly set out the applicable law, applied the law to the (never specifically identified and therefore never objected-to) facts found by the magistrate judge, and concluded that the EEOC had presented evidence that, taken in the light most favorable to the EEOC, met the EEOC's burden as to each element of a prima facie case under the ADA.  This court agrees.

The court refers the reader to its analysis and rulings on JWR's first three objections, set out above, and, consistent with that analysis and those rulings,

**OVERRULES** this objection and **ADOPTS** the conclusion of the magistrate judge. Alternatively, after a *de novo* review of the briefs and the evidence, the court **OVERRULES** this objection and **ADOPTS** the conclusion of the magistrate judge.

b. The "first choice of accommodation" objection

JWR next objects "to the Report to the extent that it concludes that a jury question is presented by JWR's decision not to provide [Mr. Davis] with his first choice of accommodation." (Doc. 31, p. 20). The court refers the reader to its analysis and rulings on JWR's first three objections, set out above, and, consistent with that analysis and those rulings, **OVERRULES** this objection and **ADOPTS** the conclusion of the magistrate judge. Alternatively, after a *de novo* review of the briefs and the evidence, the court **OVERRULES** this objection and **ADOPTS** the conclusion of the magistrate judge.

5. *Objection to Conclusion that Mr. Davis Could Have Been Accommodated*

JWR next objects to "to the Report to the extent that it concludes that [Mr. Davis] could have been accommodated underground with only one hearing aid." (Doc. 31, p.22). The court can find no such conclusion[10], although the magistrate judge does conclude that, viewing the evidence in the light most favorable to the movant, "[w]hether JWR's accommodations were 'reasonable' presents a jury question." (Doc.

---

[10]And JWR fails to point it out.

28, p. 23).  Further, the magistrate judge expressly concluded that the EEOC "has presented sufficient evidence to show that there exists a genuine issue of material fact as to whether [JWR] engaged in the requisite interactive process with [Mr.] Davis to accommodate his disability." (Doc. 28, p. 23).  For the reasons set out above, the court has overruled JWR's objection to this conclusion and has adopted the R&R as to it. Further, on this point, JWR's objection is identical to its summary judgment brief. (*Compare*, doc. 13 at pp 26 - 27 with doc. 31, pp. 20 - 22).  A party objecting to an R&R may not simply restate the arguments previously presented.

> A general objection, or one that merely restates the arguments previously presented[,] is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an "objection" as that term is used in this context.  A party who files timely objections to a magistrate's report in order to preserve the right to appeal must be mindful of the purpose of such objections: to provide the district court "with the opportunity to consider the specific contentions of the parties and to correct any errors immediately."  [*U.S. v.*] *Walters*, 638 F.2d [947] at 949–50 [(6th Cir. 1981)].  The Supreme Court upheld this rule in *Thomas v. Arn*, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), a habeas corpus case. The Supreme Court noted that "[t]he filing of objections to a magistrate's report enables the district judge to focus attention on those issues-factual and legal-that are at the heart of the parties' dispute."  *Id.* at 147, 106 S.Ct. 466 (footnote omitted).

*VanDiver v. Martin*, 304 F. Supp. 2d 934, 937-938 (E.D. Mich. 2004).

6. *Unspecified Objection to Report as to "Medical Release" Conclusion*

16

JWR next "objects to the Report to the extent that it concludes otherwise" than that "when a miner states that he cannot hear, the most logical (and lawful) course of action is to have the miner's own doctor state if and when it is safe for him to return to work." (Doc. 31, p. 23). This is another red herring, copied verbatim from JWR's summary judgment brief. (Compare doc. 13, pp. 26-27). A party objecting to an R&R may not simply restate the arguments previously presented. *VanDiver v. Martin*, 304 F. Supp. 2d at 937- 938, discussed *supra*.

Apparently, JWR could not identify (and certainly, JWR did not point out to the court) *where* in the R&R the magistrate judge reached such a conclusion. The court finds that the magistrate judge did not reach such a conclusion. Instead, he concluded that,

> In sum, JWR was on notice that [Mr.] Davis was hearing-impaired, and that his hearing aids malfunctioned when exposed to moisture. When [Mr.] Davis told Aldrich that he wanted to be moved away from the section because of his hearing problems, JWR placed him on leave without exploring the possibility of an accommodation or the reasonableness of the accommodation [Mr.] Davis sought. JWR testified unequivocally that it never met with [Mr.] Davis to discuss his need for accommodation until after he was returned to work in July 2007.

(doc. 28, p. 21) (internal citations omitted) (emphasis supplied).

The EEOC in its response, believes it understands which conclusion of the R&R is objected to at this portion of JWR's objections.

17

In [JWR's] objections, [JWR] claims that it removed Mr. Davis from the workplace in April, 2007 because it had a reasonable belief that he was unsafe, because of his lack of hearing. As the magistrate [judge] reports, however, [JWR's] contention simply creates question of fact to be determined by the jury. As the magistrate opines further:

> It is entirely possible, of course that a jury could find that assigning [Mr.] Davis to out-by work is not reasonable or that such an accommodation does violate the CBA or constitutes an undue hardship on [JWR]. The court doe not address the ultimate merits of such defense, but merely determined that [JWR] has not sufficiently supported its motion for summary judgment regarding these issues. [doc. 28, ft.17.]

[JWR] has not presented any substantial evidence or controlling authority contrary to the Magistrate [Judge]'s finding with respect to this point.

(Doc. 32, p. 10) (alterations supplied).

Assuming without deciding that the EEOC correctly identified the portion of the R&R that JWR objects to in this portion of its objections, in light of JWR's failure to preserve its factual or legal objections, the court **OVERRULES** this objection and **ADOPTS** the conclusion of the magistrate judge.  Alternatively, after a *de novo* review of the briefs and the evidence, the court **OVERRULES** JWR's objection and **ADOPTS** the conclusion of the magistrate judge.

7. *Objection to Failure to Grant Summary Judgment as to Punitive Damages*

Almost identically to its brief on its motion for summary judgment,[11] JWR objects "[t]o the extent the Report did not grant [JWR] summary judgment on [the] issue [of punitive damages]." (Doc. 31, p. 24)  Again, the court states that a party objecting to an R&R may not simply restate the arguments previously presented. *VanDiver v. Martin*, 304 F. Supp. 2d at 937-938, discussed *supra*.

However, the court finds no express discussion in the R&R of JWR's request that the punitive damages claim against it be dismissed.  Therefore, the court will address this legal issue *de novo*.

The argument that JWR makes as to punitive damages, and the legal authority it relies upon in support of that argument, all are premised upon the court's accepting JWR's version of the facts and the conclusions to be drawn from those facts. Specifically, JWR relies on 42 U.S.C. § 1981(a)(3), *Kolstad v. American Dental Ass'n*, 527 U.S. 526, 535-37 (1999), and *Miller v. Kenworth of Dothan*, 277 F.3d 1269, 1280 (11th Cir. 2002) for the proposition that,

> To obtain punitive damages [under the ADA], [a] plaintiff must prove malice or reckless indifference to federally protected rights. An employer cannot be held liable for punitive damages because of the actions of a managerial employee if the company has made good faith effort to comply with the law. *Because JWR has established that it acted in a good faith attempt to comply with the law by engaging in the interactive process and by providing accommodations, plaintiff's claim for punitive damages*

---

[11] Compare, doc. 13, p. 28; doc. 31, pp. 23-24.

*should be dismissed.*

(Doc. 31, p. 24) (emphasis supplied).

However, for the reasons set out above, the court having **OVERRULED** JWR's objections to the contrary and having **ADOPTED** the magistrate judge's factual findings and legal conclusions that JWR neither "engag[ed] in the interactive process [nor] ... provid[ed] [reasonable] accommodations," the court hereby **DENIES** JWR's motion for summary judgment as to the remedy of punitive damages.[12]

### III. Conclusion

For the reasons set out above, the court **ADOPTS AS ITS ORDER** the R & R (doc. 28), except as modified herein. JWR's Motion for Summary Judgment (doc. 12) is **DENIED**.

**DONE** and **ORDERED** this the 3rd day of April, 2012.

_____
**VIRGINIA EMERSON HOPKINS**
United States District Judge

-

---

[12] JWR does not dispute that it was aware of the requirements of the ADA. *See Kolstad*, 527 U.S. at 535, 119 S. Ct. 2118 at 2124 ("Moreover, § 1981a's focus on the employer's state of mind gives some effect to Congress' apparent intent to narrow the class of cases for which punitive awards are available to a subset of those involving intentional discrimination. The employer must act with 'malice or with reckless indifference *to the [plaintiff's] federally protected rights*.' § 1981a(b)(1) (emphasis added). The terms 'malice' or 'reckless indifference' pertain to the employer's knowledge that it may be acting in violation of federal law, not its awareness that it is engaging in discrimination.").