FILED

2012 Oct-18  PM 04:24
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## WESTERN DIVISION

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,** | ] | |
| **Plaintiff,** | ] | |
| | ] | |
| | ] | **Civil Action No.** |
| | ] | **7:09-cv-1895-VEH** |
| **v.** | ] | |
| | ] | |
| | ] | |
| **JIM WALTER RESOURCES, INC.,** | ] | |
| **Defendant.** | ] | |

## CONSENT DECREE

## I. INTRODUCTION

Plaintiff Equal Employment Opportunity Commission (hereinafter "EEOC" or "Commission") brought this action against Defendant Jim Walter Resources, Inc., (hereinafter referred to as "JWR" or "Defendant") under Title I of the Americans with Disabilities Act of 1990 ("ADA") and Title I of the Civil Rights Act of 1991. The EEOC alleges that JWR discriminated against Rocky Davis (hereinafter referred to as "Charging Party" or "Mr. Davis") on the basis of his disability. The alleged conduct at issue occurred at JWR's Number 7 Mine. Specifically, EEOC alleges that beginning in 2007 and continuing until approximately August 6, 2012, when Charging Party bid into and was awarded a Mechanic position at the Number 5 Mine, Defendant failed to provide Charging

1

Party with a reasonable accommodation of his hearing impairment.  Defendant denies these allegations and claims that Charging Party is not entitled to an accommodation, never requested an accommodation, and that the accommodation sought is not reasonable.

In the interest of resolving this matter, and avoiding the expense of further litigation, and as a result of having engaged in comprehensive settlement negotiations, the Commission and JWR (the "Parties") have agreed that this action should be fully and finally resolved by entry of this Consent Decree.

This Consent Decree constitutes the complete agreement between the Parties with respect to matters referred to herein.  This Consent Decree shall not be waived or amended except on agreement by the Parties, and entry of the agreement, upon a joint motion by the Parties, in the form of an Order of the Court.

A.  This Consent Decree is entered into by the EEOC and Defendant JWR. This Consent Decree shall be final and binding between the EEOC and Defendant JWR, its directors, officers, agents, employees, successors or assigns and all persons in active concert or participation with it (hereinafter collectively referred to as "Defendant" or "JWR").

B.  This Consent Decree shall not constitute an adjudication of or finding on the merits of the case and shall not be construed as an admission by Defendant of any violation of the Americans with Disabilities Act.  This Consent Decree does

not affect any other administrative charges pending with the EEOC or any other court cases in which the EEOC is a party.

## II.  GENERAL PROVISIONS

Upon consent of the parties to this action, it is hereby **ORDERED**, **ADJUDGED**, and **DECREED** that:

C.    This Court has jurisdiction over the Parties and the subject matter of this action.

D.    This Consent Decree shall fully and finally resolve all claims which were raised by the EEOC in its Complaint in *EEOC v. Jim Walter Resources, Inc.*, Civil Action No. 7:09-cv-1895-VEH.   This Consent Decree shall fully and completely resolve all ADA claims arising out of or contained in Charge No. 420-2008-00061.

E.    This Consent Decree shall be filed in the United States District Court for the Northern District of Alabama and shall continue to be in effect for a period of two (2) years from the date of entry of this decree.  Any modification of this Consent Decree by any party must be made by motion to the Court.

F.    The Court retains jurisdiction over this case in order to enforce the terms of the Consent Decree.

G.    This Consent Decree shall apply only to Defendant JWR's operations at its Number 5 and Number 7 Mines in Tuscaloosa County, Alabama.

H.    Defendant JWR shall comply fully with all provisions of the ADA and this Consent Decree.  Nothing in this Consent Decree, either by inclusion or exclusion, shall be construed to limit the obligations of Defendant JWR under the ADA or the EEOC's authority to process or litigate any charge of discrimination which may be pending or filed against Defendant JWR in the future.

## III.  <u>NON-DISCRIMINATION</u>

I.    Defendant JWR is enjoined from discriminating against an employee in violation of the Americans with Disabilities Act.  The prohibited practices include, but are not limited to, the following:

> (1)    Discriminating against a qualified individual with a disability on the basis of the disability in regard to: job application procedures; the hiring, advancement or discharge of employees; and employee compensation, job training, and other terms, conditions, and privileges of employment;
>
> (2)    Failing to initiate an informal, interactive process with an individual requesting an accommodation, in accord with the Americans with Disabilities Act, as amended;
>
> (3)    Failing to provide a reasonable accommodation in accord with the Americans with Disabilities Act, as amended; and
>
> (4)    Retaliating against any employee for asserting rights under the ADA or engaging in other protected activity, including such activity as requesting an accommodation for a disability.

## IV.  NON-RETALIATION

J.    Defendant JWR shall not engage in retaliation of any kind against any person because such person:

> (1)    opposed any practice made unlawful under the ADA;
>
> (2)    contacted, or filed a charge of discrimination with, the Commission or a state agency in relation to the ADA, or testified, assisted or participated in any manner in any ADA-related investigation, proceeding, or hearing;
>
> (3)    requested and/or received relief in accord with this Consent Decree;
>
> (4)    participated in any manner in this action or in the EEOC investigation giving rise to this action;
>
> (5)    participated in an internal investigation related to alleged violations of the ADA; or,
>
> (6)    asserted any rights under this Consent Decree.

Defendant JWR further shall not coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by the ADA.

## V.  RELIEF TO THE CHARGING PARTY

K.    Within ten (10) calendar days of the entry of this Consent Decree, Defendant JWR shall pay Rocky Davis the total sum of $40,000.00 (Forty Thousand and 00/100 Dollars) to be paid as follows:

5

(1)    One check payable to Rocky Davis in the amount of $32,200.00 (Thirty-Two Thousand Two Hundred and 00/100 Dollars).  This amount represents consideration for alleged compensatory damages.  JWR will issue a 1099 to Rocky Davis reflecting payment of this amount.

(2)    One check payable to Rocky Davis in the amount $7,800.00 (Seven Thousand Eight Hundred and 00/100 Dollars), minus any applicable taxes or other withholdings.  This amount represents consideration for alleged backpay and wage-related damages.  JWR will issue a W-2 to Rocky Davis reflecting payment of this amount.

This amount shall be paid in full settlement of the claims against Defendant JWR which were the basis of the EEOC Charge filed by the Charging Party (No. 420-2008-00061), and raised in the EEOC's Complaint.  Payment shall be mailed to the address provided by the EEOC.

Defendant JWR shall mail a photocopy of the checks to the attention of the Regional Attorney, Equal Employment Opportunity Commission, Birmingham District Office, 1130 – 22nd Street South, Suite 2000, Birmingham, Alabama  35205 at the time the check is sent to Mr. Davis.

Apart from its obligations of wage withholding as set forth in paragraph K(2) above, JWR is not responsible for paying any taxes due on the amounts paid pursuant to this Consent Decree.  If it is subsequently determined that Rocky Davis should have paid taxes on any amount paid pursuant to this Consent Decree, which were his personal responsibility

under the law and which he did not pay, then the taxes, interest and penalties are his responsibility alone.

L.     Within ten (10) calendar days of the entry of this Consent Decree, Rocky Davis will execute a general release.

M.     Mr. Davis is currently working as a Mechanic, which is in an above ground position, at the Number 5 Mine.  The Parties acknowledge that this job classification satisfies Mr. Davis's request for accommodation.  Mr. Davis will continue performing the essential functions of a Mechanic at the Number 5 Mine so long as it is allowed by and consistent with JWR's obligations under the ADA and the collective bargaining agreement.

## VI.  GENERAL INJUNCTIVE RELIEF

N.     Within sixty (60) calendar days after this Consent Decree is approved by the Court, Defendant JWR shall develop and implement comprehensive policies and procedures to ensure that employees at its Number 7 Mine are not subject to discrimination made unlawful by the ADA.  At a minimum, the policies and procedures shall contain and provide for the following:

(1)     a requirement that JWR managers, supervisors, human resources and safety employees be trained on the requirements of the ADA;

(2)     notice to employees (via a poster displayed in a public area of JWR's Number 7 Mine) of their rights under the ADA, including their right to a reasonable accommodation;

(3)     a program for training JWR supervisors, managers, human resources and safety personnel on the requirements of the ADA, provisions of this Consent Decree, and JWR's ADA policies and procedures;

(4)     a process for employees to seek a reasonable accommodation under the ADA;

(5)     a process for employees to report complaints of ADA-related discrimination and retaliation;

(6)     a system for ensuring the dissemination to all JWR employees of a copy of JWR's ADA policy and procedures;

(7)     an assurance of non-retaliation for persons who wish to request a reasonable accommodation or report that they have been discriminated against or witnessed discrimination in violation of the ADA;

(8)     a process for conducting disability and reasonable accommodations determinations.

O.     Within ninety (90) calendar days after this Consent Decree is entered by the Court, JWR shall provide training to all Number 7 Mine employees, including supervisory, management, and human resources and safety employees, on the ADA, JWR's ADA policies and procedures, and this Consent Decree.  At a minimum, the training shall cover the following:

(1)     the legal requirements of the ADA, including the 2009 ADA Amendments;

(2)     the definition and examples of a reasonable accommodation under the ADA;

(3)     the interactive process for requesting a reasonable accommodation,;

(4)     procedures for providing reasonable accommodation to individuals with disabilities;

(5)     prohibition against retaliation against employees who engage in activity protected by the ADA; and

(6)     JWR's internal ADA policy and procedures.

The training also shall explain the steps employees may take to address requests for reasonable accommodations to individuals with disabilities.  The training identified in paragraph O(1)-(6) may be provided via video.  For all newly hired Number 7 Mine managers, safety department employees, and human resources employees that are hired more than ninety (90) calendar days after the entry of this Consent Decree, the training identified in paragraph O(1)-(6) may be completed during new hire orientation.

P.     Each ADA training session described in paragraph O, except for the new hire training, shall last one hour, and JWR shall generate a registry containing signatures of all persons in attendance.  Each registry shall be retained by JWR for the duration of the Consent Decree.

Q.     Each training session described in paragraph O shall be delivered in accord with an outline prepared at least one-week in advance of the training.     The outline, all training materials (pamphlets, brochures, agendas, videos), and the registry shall be delivered to the EEOC Birmingham District Office, to the attention of the Regional Attorney at the address set out above, within 30 days after each training session. Acceptance or review of these materials by EEOC shall not constitute approval of the said materials, but may be retained for compliance purposes.

## VII.  POSTING OF NOTICE

R.     Defendant JWR will post and cause to remain posted the posters required to be displayed in the workplace by Commission Regulations.

S.     Within sixty (60) business days after entry of this Decree, Defendant JWR shall post 8½-inch-by-11-inch sized copies of the Notice attached as Exhibit A to this Decree on all bulletin boards usually used by Defendant JWR for announcements, notices of employment policy or practice changes to employees.   The notices shall remain posted for the duration of this decree.

## VIII.  <u>REPORTING</u>

T.      On a semi-annual basis for the duration of the Decree, JWR will provide the Birmingham District Office Regional Attorney a report on the training conducted under Section VI.O. of this Decree.   JWR will also maintain the following records during the period of this Decree:

> (1)     ADA policies and procedures;
>
> (2)     Requests for Accommodations and responses thereto;
>
> (3)     All documents generated in connection with any complaint investigation, or resolution of every complaint involving allegations of violations of the ADA, including involving allegations of discrimination or the request for or denial of a reasonable accommodation;
>
> (4)     All materials used in training; and
>
> (5)     Attendance lists for all training.

## IX.  <u>DISPUTE RESOLUTION</u>

U.      In the event that either party to the Consent Decree believes that the other party has failed to comply with any provision(s) of the Consent Decree, the complaining party shall notify the other party of the alleged non-compliance within fifteen (15) days of discovery of the alleged non-compliance and shall afford the alleged non-complying party fifteen (15) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied.  If the alleged non-

complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## X.  COSTS AND ATTORNEY FEES

V.     Each party shall bear its own attorney's fees and costs incurred in this action up to the date of the entry of this Decree.

## XI.  DURATION OF DECREE

W.     The duration of the Consent Decree shall be two (2) years  from its entry. The Court shall retain jurisdiction over this action for the duration of the Consent Decree, during which Defendant JWR or the EEOC may petition this Court for compliance with the Consent Decree.  Should the Court determine that either party has not complied with this Consent Decree, appropriate relief, including extension of the Consent Decree for such period as may be necessary to remedy its non-compliance, may be ordered.  Absent extension, the Consent Decree shall expire by its own terms at the end of two (2) years from the date of entry, without further action by the Parties.

The parties agree to the entry of the Consent Decree subject to final approval by the Court.

**DONE** this the 18th day of October, 2012.


**VIRGINIA EMERSON HOPKINS**
**United States District Judge**